| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, on behalf of its agencies, DEPARTMENT of the NAVY, THE DEFENSE THREAT REDUCTION AGENCY, THE UNITED STATES NUCLEAR SECURITY ADMINISTRATION, and the FEDERAL BUREAU OF INVESTIGATION,

PLAINTIFFS,

v.

KITSAP COUNTY and the KITSAP COUNTY DEPARTMENT OF EMERGENCY MANAGEMENT,

DEFENDANTS.

CASE NO. 3:15-cv-05910

TEMPORARY RESTRAINING ORDER

Plaintiff United States of America, together with its agencies, Plaintiffs Department of the Navy, Defense Threat Reduction Agency, United States National Nuclear Security Administration ("NNSA"), and Federal Bureau of Investigation ("FBI", collectively, the "Federal Agencies" or "United States") have filed an Motion (the "TRO Motion") seeking an Order immediately temporarily restraining Defendants Kitsap County (the "County") and the Kitsap County Department of Emergency Management ("Kitsap Emergency Management," collectively, "Kitsap County" or "Defendants") from disclosing sensitive and protected national security information in response to various requests Defendants have received under the Washington State Public Records Act ("PRA"), RCW 42.56 *et seq*. Defendants have notified the Federal Agencies that they intend to release this

TEMPORARY RESTRAINING ORDER

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sensitive and protected national security information on December 16, 2015, if this Court does not enjoin them prior to that time.  Unless this Court acts to prevent the imminent release by Defendants of the sensitive and protected national security information, the United States and the Federal Agencies will be irreparably harmed.

This Court has reviewed the TRO Motion and the following declarations which have been filed in support of the Motion:  1) Lieutenant Colonel Glenn T. Harris, the Nuclear Surety Division Chief for the Defense Threat Reduction Agency; 2) Thomas W. Armstrong, Captain, U.S. Navy, Nuclear Weapons Surety/Policy and Compliance Branch Head for Strategic Systems Programs ("SSP"); 3) John G. Perren, Assistant Director, Weapons of Mass Destruction Directorate, Federal Bureau of Investigation; 4) Antonio Aragon, Render Safe Operations Program Manager, National Nuclear Security Administration; and 5) Commander Edward Westbrook, Staff Judge Advocate General, Navy Region Northwest.  The Court has also reviewed the Response by the Defendants, and now finds that the Federal Defendants are entitled to entry of a Temporary Restraining Order, for the following reasons:

The function of a temporary restraining order is to preserve the status quo ante litem pending a determination of the action on the merits.  *Los Angeles Mem'l. Coliseum Comm'n v. Nat. Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  In determining whether to grant a temporary restraining order or a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of success on the merits; (2) the possibility of irreparable injury to a plaintiff if an injunction is not granted; (3) the extent to which the balance of hardships favor plaintiff; and (4) whether the public interest will be advanced by the injunction.  *See, e.g., id.*  The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 874 (9th Cir. 2000).  The moving party may meet its burden by demonstrating either: (1) a probability of success on the merits and the possibility of irreparable injury; or (2) that serious legal questions are raised and the balance of hardship tips sharply in petitioner's favor.  *Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1201.

Applying this standard, the Court first finds that the harm from release of the records at issue in this case will be irrevocable.  Courts have consistently recognized that the injury that the United States seeks to prevent here – the disclosure of sensitive federal records pending resolution or appeal

of a disclosure order – clearly constitutes an irreparable injury. *See, e.g., HHS v. Alley*, 129 S. Ct. 1667 (2009); *Rosenfeld v. Dep't of Justice*, 501 U.S. 1227 (1991); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306 (1989).

Second, the United States has made a showing, at least at this stage of the case that it is likely to prevail on the merits. It appears that many of the records the County is proposing to release are exempt from disclosure under the PRA's "security information" provision, RCW 42.56.420, which shields from public disclosure precisely the information at issue here, all of which was "assembled, prepared, or maintained to prevent, mitigate, or respond to criminal terrorist acts," and is not subject to disclosure under federal law. *Id.* RWC 42.56.420. In addition, 10 U.S.C. § 128 and regulations issued thereunder, prohibit the unauthorized disclosure by any person of unclassified nuclear security information ("UCNI"), which the Harris and the Armstrong Declarations show govern much of the information the County is proposing to disclose. Likewise, 10 U.S.C. § 130e prohibits disclosure of unclassified critical infrastructure security information ("CISI"). CISI is defined as including, among other things, the kind of site-specific information relating to installation security at issue here as the Harris and Armstrong Declarations also show. The CISI statute also provides that as a matter of law, CISI that is provided to a state or local governments "shall remain under the control of the Department of Defense." 10 U.S.C. § 130e (b). These statutes cover all the sensitive information that is in dispute in this case.

Third, the Court finds that the Balance of Equities Clearly Favors the Issuance of a TRO. The United States will be immediately and irreparably harmed if its sensitive national security information is disclosed. Various courts have held that the disclosure of confidential information constitutes irreparable harm. *See, e.g., Providence Journal Co. v. FBI, 595 F.2d 889 (1st Cir. 1979); Saini v. Int'l Game Technology*, 434 F. Supp.2d 913, 919 (D. Nev. 2006). In contrast, there is little hardship that would be experienced by the County or the public records requesters if this temporary restraining order is granted. The Court notes that the PRA envisions precisely this kind of third party injunctive action, and if the Court enters the TRO, the County in fact will be shielded from any potential liability to the requesters. The PRA requesters will be notified of the existence of this action, and should they desire to intervene to assert their interests they may do so.

Fourth, the Court finds that the public interest will be served by the issuance of a TRO. Here disclosure of the records without the consent of the Federal Agencies would not be in the public

interest. The Federal Agencies and the County have worked to make public the records that are not in dispute. To the extent other information is confidential and protected by law its release could potentially seriously negatively impact first responders in the event of national emergencies and national disasters. Congress identified the public interest and pronounced a public policy of nondisclosure when it took the unusual step of exempting the records at issue here from the disclosure requirements of FOIA, 10 U.S.C. § 128 and 130e. The Washington State Legislature similarly recognized the public interest was not served by the release of the national security information at issue here, when it established the exemption to the PRA for "security information."

In addition to the federal principles of equity, the Court notes that the PRA itself contemplates actions such as this by third parties to obtain judicial relief to prevent governmental entities subject to the PRA from releasing records in which the third parties have an interest. RCW 42.56.540. Furthermore, under the PRA, Defendants have no liability to requesters upon the entry of an Order restraining them from releasing the requested records.

Accordingly it is hereby ORDERED, ADJUDGED AND DECREED that the Defendants shall be and hereby immediately enjoined, until further Order from this Court, from releasing any of the sensitive national security information identified in the declarations attached to the TRO Motion;

Defendants are hereby directed to notify any requesters of the pendency of this action;

_____
Ronald B. Leighton
United States District Judge

Respectfully Submitted
*s/ Peter A. Winn*
*PETER A. WINN, WSBA#34701*
*Assistant United States Attorney*
*United States Attorney's Office*
*700 Stewart Street, Suite 5220*
*Seattle, Washington 98101-1271*
*Phone:  206-553-4985*
*Fax:    206-553-4067*
*E-mail:  Peter.Winn@usdoj.gov*