HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES,

    Plaintiff,

 v.

KITSAP COUNTY et al.,

    Defendants,

and

GLEN MILNER,

    Intervenor-Defendant.

CASE NO. C15-5910 RBL

ORDER GRANTING MOTIONS TO DISMISS IN PART AND DENYING IN PART

DKT. ##29, 30

THIS MATTER comes before the Court on Intervenor-Defendant Glen Milner's and Defendants Kitsap County and Kitsap County Department of Emergency Management's Motions to Dismiss [Dkt. ##29, 30]. Milner made a Washington State Public Records Act (PRA) request to Kitsap County, seeking information about the consequences of, and emergency response plans for, a radiological or nuclear incident at Naval Base Kitsap-Bangor and other United States Navy facilities. The United States sued the County to enjoin production of responsive but sensitive records, specifically unclassified nuclear information (UCNI) and critical infrastructure security

information (CISI). Milner withdrew his request, before the United States' claim was adjudicated. Milner and the County moved for dismissal, arguing that in the absence of a PRA request, the case is moot. The United States argues a genuine controversy continues to exist because the County could release the records in response to another PRA request. At issue is whether Milner's withdrawal of his request mooted this case.

The United States held nuclear weapon incident response trainings and exercises at Naval Base Kitsap-Bangor between 2013 and 2015. It invited state and local agencies to participate and shared UCNI and CISI with them. Introductory material explained that the United States Navy retained discretion over public disclosure of the records. *See* Dkt. #7, Hilton Dec. ¶ 6; *see also* Dkt. #7, Ex. 1 (handling instructions).

In January 2015, Milner requested the County produce records regarding the consequences of, and emergency response plans for, a radiological or nuclear incident at Naval Base Kitsap-Bangor and other United States Navy facilities.[1] The County discovered that several thousand pages of potentially-responsive records might contain sensitive information obtained during the incident response trainings. In April, it voluntarily notified the federal government, which began reviewing the documents to determine whether federal law exempted them from production. The County was dissatisfied with the government's delays and with the sufficiency of its proposed redactions, withholdings, and explanations for these redactions and withholdings under the PRA. It notified the government in November that it would release all records responsive to Milner's request in two weeks unless the government obtained a court order.

The government sued the County to enjoin its production UCNI and CISI. It asks the Court to declare that any UCNI and CISI are exempt from the PRA and that CISI can only be

---

[1] A Kitsap Sun reporter, Ed Friedrich, made and withdrew a similar records request.

released with the Department of Defense's permission. It also asks the Court to order the County to return all records that the government owns/controls.

Milner withdrew his records request in an effort to moot the case. *See* Dkt. #31, Ex. S. at pg. 71, Milner Email. He and the County each moved for dismissal, arguing that in the absence of a PRA request, the case was moot. The United States dismissed its request for an injunction under the PRA (RCW 42.56.540) but maintains its other claims present a live case and controversy: "So long as the County continues to possess CISI and UCNI, but fails to either adhere to the federal non-disclosure laws protecting this information, or return it pursuant to the CISI [statute], this case presents a genuine and ongoing controversy." Dkt. #36, Response, pg. 20.

The United States argues that the County's threat to release protected national security information is capable of repetition and evading review because the PRA does not require a responding agency to notify another of a records request and the County still possesses the documents. It argues the case is not moot, and asks the Court to addresses whether the County must adhere to federal non-disclosure laws when responding to a PRA request.

Kitsap County and Milner argue there is "no reasonable expectation that the wrong will be repeated," because the County has not illegally produced any records and has no intention of doing so (since Milner withdrew his request and since it alleges the government's declarations provide it with more context for why the UCNI and CISI exemptions apply). They argue that the PRA already requires responding agencies adhere to federal non-disclosure laws. The County also argues that the government's *replevin* claim should be dismissed, because the Court cannot grant the government effective relief: return of electronically stored and disseminated documents.

Federal courts lack subject matter jurisdiction to consider moot claims. *See Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009). "A claim is moot if it has lost its character as a present, live controversy." *Id.* at 1172–73 (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). The mootness doctrine ensures federal courts are presented with disputes that they can actually resolve by affording meaningful relief to the prevailing party. *See PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). If the plaintiff receives the entire relief sought in a particular action, the case generally becomes moot because there is no longer a dispute between the parties. *Id.*; *see generally Gator.com v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131–32 (9th Cir. 2005). If a court can effectuate partial relief, however, the case is not moot. *See Church of Scientology of California v. United States*, 506 U.S. 9, 13, 113 S. Ct. 447 (1992).

Courts have long recognized a "voluntary cessation" exception, under which the "mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the allegedly wrongful behavior could not reasonably be expected to recur." *Rosemere*, 581 F.3d at 1173 (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000)). This exception is justified because without it, "the courts would be compelled to leave [t]he defendant ... free to return to his old ways." *Porter v. Bowen*, 496 F.3d 1009, 1017 (9th Cir. 2007) (quotations omitted). The standard for determining whether a defendant's voluntary conduct has mooted a claim is stringent: A defendant asserting mootness bears the "heavy burden" of demonstrating that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189, 120 S. Ct. 693.

As the Court has explained, state agencies must produce public records requested under the PRA, unless they fall within a disclosure exemption outlined by the PRA or by another statute. *See* RCW 42.56.070; *see also Roe v. Anderson*, No. 3:14-CV-05810 RBL, 2015 U.S. Dist. LEXIS 104737, at *4 (W.D. Wash. Aug. 10, 2015) (explaining that the PRA incorporates "other statutes" and the Constitution). The PRA exempts information relating to security, such as terrorist response plans, vulnerability assessments, and records not subject to disclosure under federal law that a federal agency shared. *See* RCW 42.56.420. Federal statutes protect UCNI and CISI from disclosure. *See* 10 U.S.C. § 128 (UCNI); 10 U.S.C. § 130e[2] (CISI); *see also* Dkt. #37, Ex. A (CISI determination).

Because no request is pending and because the PRA requires responding agencies to adhere to every other disclosure statute, a live case or controversy does not exist regarding the County's potential disclosure of federally protected information. To conclude otherwise, would require the Court to assume the County will respond to a future request for UCNI and CISI records by violating state and federal law—a step it has not previously taken.

A live case or controversy persists, however, with regards to the County's continued possession of documents that the government might own/control. The United States may sue to enforce its contractual and property rights in federal court. *See United States v. California*, 332 U.S. 19, 67 S. Ct. 1658 (1947). It may also seek to retrieve documents that it owns but another possesses. *See United States v. Napper*, 887 F.2d 1528, 1530 (11th Cir. 1989) (affirming district court's order that the City of Atlanta return 2,300 files loaned from the FBI). Either contractually

---

[2] The Secretary of Defense may prohibit the unauthorized dissemination of UCNI. *See* 10 U.S.C. § 128; *see also* 32 C.F.R. § 223.6(e)(1); 32 C.F.R. § 223.3(k). He may also exempt CISI from disclosure after finding that the interest in non-disclosure outweighs the public's interest in disclosure. *See* 10 U.S.C. § 130e(b).

1  or under the CISI statute[3], the government might have an ownership interest in the records that it
2  shared and asks to be returned. With nothing more than the County's assertion that it cannot
3  return these records, the Court is unpersuaded that no effective relief remains available to the
4  government on its *replevin* claim.

5  Milner's and the County's Motions to Dismiss [Dkt. ##29, 30] are GRANTED IN PART
6  and DENIED IN PART. Counts 2, 3, 5, and 6 are MOOT, and the Court lacks subject matter
7  jurisdiction over them. The Motions to Dismiss with respect to these claims are GRANTED, and
8  the claims are DISMISSED with prejudice. Count 4 presents a live controversy. With respect to
9  this claim, the Motions to Dismiss are DENIED.

10  IT IS SO ORDERED.

11  Dated this 31st day of March, 2016.

*[signature]*

Ronald B. Leighton
United States District Judge

---

[3] The DOD maintains "control" of CISI, even when it is shared with state or local agencies. *See* 10 U.S.C. § 130e(b).